UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SAIKARI A. BROWN,

Plaintiff,

v. Case No. 3:26-cv-2723-TKW-HTC

TEAGAN MCCABE, et al.,

Defendants.
_____________________________/

REPORT AND RECOMMENDATION

Plaintiff Saikari A. Brown, proceeding *pro se* and *in forma pauperis*, initiated this action on March 23, 2026, by filing a complaint under 42 U.S.C. § 1983, alleging several Defendants violated her constitutional rights. On March 26, the Court ordered Brown to amend her complaint to address several deficiencies. Doc. 4. Brown filed a first amended complaint on April 9. Doc. 5. The undersigned found the first amended complaint failed to state a claim but allowed Brown "a final opportunity to clarify her allegations in a second amended complaint." Doc. 8. After the Court extended Brown's filing deadline several times, *see* Docs. 10, 12, 15, Brown filed a second amended complaint on July 23. Doc. 16. Upon consideration, the undersigned finds Brown's second amended complaint still fails to state a claim and should be DISMISSED with prejudice.

Page 2 of 11

## I. BACKGROUND

Brown sues four (4) Defendants in their individual capacities: (1) Teagan McCabe, Child Protective Investigator at the Department of Children and Families ("DCF"); (2) Ashley Kidd, Unit Manager at Families First Network ("FFN"); (3) Lindsey Stripling, Case Manager at FFN; and (4) Tonya DeeAnne Davis, Attorney at DCF. The following facts are taken from the second amended complaint and accepted as true for purposes of this report and recommendation.

On August 5, 2024, at approximately 2:00 p.m., Brown's children were removed from her apartment without a removal order from a judge. The removal took place under "exigent circumstances claims." On August 2, 2024, during "the first meeting," Brown cooperated with Defendant McCabe, who received a report about neglect. "A voluntary agreement was established." That agreement "changed without notice," leading to the removal of Brown's children by McCabe and Elana Dodge, McCabe's supervisor.

"They" notified Brown's father of the shelter hearing and served Brown the petition for dependency before the hearing held on August 6, 2024, where Brown was not informed of her rights, nor had representation. The situation McCabe used as the basis for removal had been resolved before removal. "It was relevant for CPI Teagan McCabe to document factual findings and not character assassination as Dependency proceedings had been initiated." Brown offered "during all times

Page 3 of 11

documents, proof, and signed releases requested that provided household composition and it was clearly noticeable through inspection."

In the petition filed on August 6, 2024, after the removal, there were statements altered such as, "The mother delayed access to the apartment" without any occurrence of Brown knowingly delaying access "regarding the reported incident that caused DCF involvement." Bodycam footage from arresting Officer Zachary Harris would have helped dependency findings on Brown's behalf. However, they were never requested during the investigation by DCF investigator McCabe. Defendant Tonya DeeAnne Davis was the attorney for Defendant McCabe. Davis made the statement, "Mother allowed a dangerous individual into her home" on October 29, 2024, during dependency trial, and, "She's not begging, I'll do whatever you want to keep my children," instead of "addressing [Brown's] actions and role in circumstances and [her] provisions and safety for [her] children that was documented in a previous unsubstantiated case" against Brown. Ashley Kidd was involved in the case and never informed Brown that she was Brown's caseworker for her dependency case.

Kidd made statements to the court that "interfered with the case," ending in the termination of Brown's rights "to date of [her] children and separation." On March 6, 2026, under oath, Kidd testified "that '[Brown's] children will face less harm being adopted' while they have repeatedly told all FFN staff their true wishes."

On the same date, under oath, "Kidd also testified, 'I don't think mom recognized how the children were unsafe to begin with. So how can she keep them safe?'" The testimonies of caseworkers, "even inconsistent," have contributed to the delay of legal processes "especially when caseworkers have not consistently been in contact with [Brown] or followed policy."

Defendant Lindsey Stripling was at all times a relevant case manager throughout the pendency of the dependency proceedings. Stripling has "consistently made statements not consistent with actual findings." On March 6, 2026, under oath, "it was testified against [Brown] at [her] TPR hearing that, 'During one visit the oldest child had an asthma attack. The paramedics had to be called. She was yelling and screaming at the paramedics. The team manager had to come and get involved because of her behavior.'"

Based on the above facts, Brown lists two "Counts" in the Statement of Claims section[1]: (1) violation of due process against McCabe, Davis, Kidd, and Stripling; and (2) "Fourth Amendment" against McCabe. As relief, Brown requests compensatory damages in "an amount to be determined at trial or $4,000,000," and punitive damages in an unspecified amount.

[1] To liberally construe Brown's *pro se* complaint, the undersigned will address Brown's claim that "Defendant Tonya Davis interfered with the right for [her] to be a mother as said 11-12," Doc. 16 at 8, under Count 1, despite the fact that Brown did not include Davis in either "Count 1 Violation of Due Process" or "Count 2 Fourth Amendment," *see id.* at 9.

## II. LEGAL STANDARD

Because Brown is proceeding *in forma pauperis*, the Court must dismiss any part of her second amended complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim, Brown must plead factual content which allows the Court to draw the reasonable inference the Defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must liberally construe *pro se* allegations, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III. DISCUSSION

As explained below, Brown's second amended complaint still fails to state a claim under either the Fourteenth Amendment or the Fourth Amendment. And because Brown has already had two opportunities to more carefully craft her complaint to state a cause of action, this matter should be dismissed with prejudice and without further leave to amend.

### A. Fourteenth Amendment Claims

Brown alleges in the Statement of Claims that McCabe removed her children without due process, Davis interfered with her right to be a mother, and Kidd and

Stripling interfered with her right to be a mother and violated her due process rights. *See* Doc. 16 at 8-9. Liberally construed, Brown appears to be seeking to assert both a procedural and substantive due process claim under the Fourteenth Amendment.[2]

1. Procedural Due Process

To state a procedural due process claim, a plaintiff must allege three things: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (citation omitted). A plaintiff cannot state a procedural due process claim "unless inadequate state procedures exist to remedy an alleged procedural deprivation"; "the state must have the opportunity to 'remedy the procedural failings of its subdivisions and agencies in the appropriate fora—agencies, review boards, and state courts' before being subjected to a claim alleging a procedural due process violation." *Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000) (citation omitted). In other words, unless the "State of Florida refused to make available a means to remedy the deprivation," Brown "cannot make out a procedural due process claim." *Ingles v. Lake Cnty., Fla.*, 2005 WL 3448026, at *4 (M.D. Fla. Dec. 15, 2005).

[2] *See Evans ex. rel. Evans v. Unknown Agents of Dep't of Child. & Fams.*, 2006 WL 8449860, at *7 (S.D. Fla. Oct. 31, 2006) (analyzing plaintiffs' claims against DCF defendants under both procedural and substantive prongs of the Fourteenth Amendment); *see also Doe v. Kearney*, 329 F.3d 1286, 1293-94 (11th Cir. 2003) ("The Supreme Court has held that parents have a constitutionally protected liberty interest in the care, custody and management of their children.") (internal citations omitted).

Brown claims McCabe removed her children "without Due Process." Doc. 16 at 8. However, as with the amended complaint, Brown's second amended complaint fails to allege Florida provided a constitutionally inadequate process for her to challenge McCabe's initial removal of her children. *See L.M.C. v. Dep't of Child. & Fams.*, 935 So. 2d 47, 47 (Fla. 5th DCA 2006) ("[P]arents have a statutory right to present evidence contesting probable cause at shelter hearings … when faced with removal by the State of their children from their home"); *Stone v. Wall*, 734 So. 2d 1038, 1047 (Fla. 1999) (recognizing a "cause of action for intentional interference with the custodial parent-child relationship by a third party non-parent"). To the contrary, according to the allegations in the second amended complaint, Brown was afforded at least two court hearings. Brown's conclusory statement that she "was not informed of any rights nor had representation" at the August 6 state court hearing does not take her allegations across the line to show that she has a plausible claim. *See Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.") (citation omitted). Moreover, she does not allege these Defendants were responsible for advising her of her rights or failed to do so.

And to the extent Brown alleges a constitutionally inadequate process related to Kidd's and Stripling's witness testimony, "[a] witness cannot be sued under § 1983 based on his or her testimony … even if the witness commits perjury." *Horton*

*v. Martin*, 2018 WL 6323073, at *1 (M.D. Ala. Dec. 4, 2018) (adopting report and recommendation to dismiss plaintiff's complaint, over plaintiff's objection) (citing *Rehberg v. Paulk*, 611 F.3d 828, 839 (11th Cir. 2010)); *see also Dolin ex rel. N.D. v. West*, 22 F. Supp. 2d 1343, 1349 (M.D. Fla. Sept. 21, 1998) ("Absolute immunity protects witnesses, court appointed psychologists, and guardians ad litem who are sued in their individual capacities under § 1983."). Therefore, even if the Defendants' statements on the witness stand were "inconsistent"—and such inconsistencies are not clear from Brown's complaint—it would make no difference, and this claim would still fail.

Thus, Brown has failed to state a procedural due process claim.

2. Substantive Due Process

To the extent Brown brings a substantive due process claim against Davis, Kidd, or Stripling for interfering with her right to be a mother or parent, she fails to state a claim. As the undersigned explained in the May 5 Order, to state a substantive due process claim, a plaintiff must show the defendants' conduct was "arbitrary or conscience shocking in a constitutional sense." Doc. 8 at 11 (citing *Maddox v. Stephens*, 727 F.3d 1109, 1119 (11th Cir. 2013)). Even intentional wrongs seldom violate the Due Process Clause and 'only the most egregious official conduct can be said to be arbitrary in the constitutional sense.'" *Maddox*, 727 F.3d at1119.

There is nothing in the complaint suggesting Davis, Kidd, or Stripling engaged in "arbitrary or conscience shocking" conduct. As stated above, Brown cannot sue Davis, Kidd, or Stripling based on any court testimony. *See Horton v. Martin*, 2018 WL 6323073, at *1. The only other facts Brown states in support of this claim are that Kidd never informed Brown that Kidd was the caseworker for her dependency case, and that Kidd made "statements to the court that interfered with the case ending in the termination of my rights to date of my children and separation." Doc. 16 at 7. Even if Kidd neglected to inform Brown that she was involved in Brown's case to some degree, mere negligence does not arise to the level of a substantive due process claim. *See Maddox*, 727 F.3d at 1119 (stating mere negligence does not rise to the level of a substantive due process violation).

Thus, Brown has failed to state a substantive due process claim.

**B. <u>Fourth Amendment Claim</u>**

Despite asserting a Fourth Amendment claim against McCabe, Brown does not specify which facts support her claim or describe how McCabe has violated the Fourth Amendment. To the extent she attempts to assert a Fourth Amendment claim related to the August 5 incident when her children were removed from her residence, she does not specify who removed her children. *See Weiland*, 792 F.3d at 1323 (noting that a complaint that fails to specify "which of the defendants are responsible for which acts or omissions" fails to state a claim). Further, Brown does not dispute

that the "removal took place under exigent circumstances claims." Doc. 16 at 4; *see Kearney*, 329 F.3d at 1299 (explaining that a DCF caseworker's "seizure of the children was not unconstitutional" under either the Fourth or Fourteenth Amendments "if supported by exigent circumstances."). Thus, Brown's bare-bones Fourth Amendment claim against McCabe fails.

## IV. CONCLUSION

As explained above, Brown's second amended complaint still fails to state a claim. Because Brown has now had several opportunities to amend her complaint, the undersigned does not find any further leave to amend is warranted.

Accordingly, it is RECOMMENDED that:

1. Brown's second amended complaint (Doc. 16) be DISMISSED with prejudice.

2. The clerk be directed to close the case.

At Pensacola, Florida, this 1st day of September, 2026.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.